NOT DESIGNATED FOR PUBLICATION

No. 128,455

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CARL GREGORY TOOTHMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JACOB PETERSON, judge. Opinion filed November 14, 2025. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before ISHERWOOD, P.J., CLINE, J., and COURTNEY D. CRAVER, District Judge, assigned.

PER CURIAM: Carl Gregory Toothman appeals from the district court's decision to revoke his probation and order him to serve the underlying prison sentence. This court granted Toothman's motion for summary disposition under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). The State did not respond.

After reviewing the record and finding no error, the district court's judgment is affirmed.

1

In January 2023, Toothman entered a no contest plea to possession of methamphetamine based on conduct occurring in September 2021. At the time of the offense, he was already on probation in a separate case. At sentencing, the district court granted a downward dispositional departure and imposed a 12-month probation term with an underlying prison sentence of 34 months.

Toothman struggled to comply with the terms of his probation. In January 2024, the State alleged multiple violations, including failing to obtain drug and alcohol treatment, failing to submit to random urinalysis, failing to update contact information, and failing to report as directed. The following month, Toothman stipulated to the violations. The district court imposed a 30-day jail sanction and extended his probation for an additional 12 months.

Approximately three months later, Toothman's intensive supervision officer (ISO) filed an affidavit alleging new violations, including failing to follow through with drug and alcohol treatment, failing to submit to random urinalysis, failing to keep his ISO informed of current address and phone number, failing to report as directed, and failing to maintain employment.

At the final probation violation hearing, Toothman waived his right to an evidentiary hearing and admitted to the alleged violations. The State argued that Toothman had already been given multiple opportunities—including a dispositional departure and continued probation—and had failed to take advantage of available resources. The State urged the district court to impose the original underlying sentence rather than grant another sanction or reduction to the underlying sentence. Toothman acknowledged his violations and attributed them to ongoing substance abuse and family

pressures. He requested a 60-day jail sanction with reinstatement of probation. In the alternative, he asked the district court to modify his prison sentence to 17 months.

The district court noted that Toothman had already received multiple opportunities through a dispositional departure and reinstated probation but failed to take advantage of treatment and continued to use drugs despite clear warnings that he was on his last chance. The district court emphasized that, although addiction makes compliance more difficult, Toothman remained responsible for his choices. Finding that continued probation would not be successful, the district court revoked his probation and imposed the underlying sentence. The journal entry also reflects that the ISO previously imposed a three-day jail sanction.

Toothman timely appealed.

DISCUSSION

On appeal, Toothman argues that the district court erred by failing to impose intermediate sanctions authorized by K.S.A. 22-3716(c)(1). Probation that is not mandated by law but is instead granted through a dispositional departure—as occurred here—is a privilege and generally considered an act of grace. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Even so, once probation is granted, a defendant is entitled to remain on probation unless they violate its conditions. When a probation violation is established, the district court has discretion to revoke probation unless a statute limits that discretion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). This court therefore reviews "the propriety of the sanction for a probation violation imposed by the district court for an abuse of discretion." 315 Kan. at 328. "A court abuses its discretion if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; (3) or is based on an error of fact." 315 Kan. at 328. As the party asserting error,

3

Toothman bears the burden of showing the district court abused its discretion. 315 Kan. at 328.

Once a probation violation is established, the district court may revoke probation without first imposing an intermediate sanction when the original grant of probation resulted from a dispositional departure. K.S.A. 22-3716(c)(7)(B); see also *Tafolla*, 315 Kan. at 331 (noting that the plain language of the statute permits bypassing intermediate jail sanctions in dispositional departure cases). Moreover, the dispositional departure exception does not require the district court to make particularized findings. 315 Kan. at 331.

Toothman contends the district court abused its discretion in revoking his probation but does not claim the district court relied on an error of law or fact. Accordingly, this court may reverse only if the district court's decision was so unreasonable as to be an abuse of discretion. See *Tafolla*, 315 Kan. at 328. The question is not whether this court might have reached a different result but whether no reasonable person would have agreed with the district court's decision.

Toothman originally faced a presumptive prison sentence. The district court nevertheless granted him probation, giving him an opportunity to avoid incarceration by complying with conditions of probation that included obtaining a drug and alcohol assessment, submitting to random urinalysis, reporting to his ISO, maintaining employment, and remaining drug-free. Despite these conditions, Toothman repeatedly violated the terms of his probation, particularly by failing to participate in treatment designed to address his substance abuse. His noncompliance continued even after his ISO imposed a 3-day intermediate jail sanction and the district court imposed an additional 30-day jail sanction. The district court explicitly warned Toothman that any further violations would result in revocation.

4

This court cannot conclude that no reasonable person would agree with the district court's decision to revoke Toothman's probation and impose the underlying prison term. It was not unreasonable for the district court to determine that continued probation would not lead to a different outcome. Accordingly, the district court did not abuse its discretion in revoking Toothman's probation and ordering him to serve his original underlying prison term.

Affirmed.